IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RANDY MILES CARTER,

    Petitioner,               No. 2:13-cv-1262 MCE DAD P

    vs.

GARY SWARTHOUT, Warden,       ORDER AND

    Respondent.            FINDINGS AND RECOMMENDATIONS

         Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis. Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

**PRELIMINARY SCREENING**

         Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court. . . ." Rule 4, Rules Governing Section 2254 Cases. See also O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); Gutierrez v. Griggs, 695 F.2d 1195, 1198 (9th Cir. 1983). The Advisory Committee Notes to Rule 8

indicate that the court may dismiss a petition for writ of habeas corpus at several stages of a case, including "summary dismissal under Rule 4; a dismissal pursuant to a motion by the respondent; a dismissal after the answer and petition are considered; or a dismissal after consideration of the pleadings and an expanded record."

## BACKGROUND

In his petition for writ of habeas corpus, petitioner alleges that on March 18, 2010, he appeared before the Board of Parole Hearings (hereinafter "Board") for his sixth parole consideration hearing. The Board found him suitable for release on parole at that time. However, on August 15, 2011, Governor Brown exercised his authority and reversed the Board's decision granting petitioner a release date. Petitioner claims that the governor's decision is not supported by "some evidence" as required under California law in violation of the Fourteenth Amendment Due Process Clause. (Pet. at 6-13 & Attachs.)

## ANALYSIS

The instant petition will be dismissed because petitioner has failed to state a cognizable claim for federal habeas relief. The Due Process Clause of the Fourteenth Amendment prohibits state action that deprives a person of life, liberty, or property without due process of law. A litigant alleging a due process violation must first demonstrate that he was deprived of a liberty or property interest protected by the Due Process Clause and then show that the procedures attendant upon the deprivation were not constitutionally sufficient. Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 459-60 (1989).

A protected liberty interest may arise from either the Due Process Clause of the United States Constitution "by reason of guarantees implicit in the word 'liberty,'" or from "an expectation or interest created by state laws or policies." Wilkinson v. Austin, 545 U.S. 209, 221 (2005). See also Board of Pardons v. Allen, 482 U.S. 369, 373 (1987). The United States Constitution does not, of its own force, create a protected liberty interest in a parole date, even one that has been set. Jago v. Van Curen, 454 U.S. 14, 17-21 (1981); Greenholtz v. Inmates of

1   Neb. Penal, 442 U.S. 1, 7 (1979) (There is "no constitutional or inherent right of a convicted
2   person to be conditionally released before the expiration of a valid sentence."). However, a
3   state's statutory scheme, if it uses mandatory language, "creates a presumption that parole release
4   will be granted" when or unless certain designated findings are made, and thereby gives rise to a
5   constitutional liberty interest. Greenholtz, 442 U.S. at 12. See also Allen, 482 U.S. at 376-78.

6   California's parole scheme gives rise to a liberty interest in parole protected by the
7   federal Due Process Clause. Pirtle v. California Bd. of Prison Terms, 611 F.3d 1015, 1020 (9th
8   Cir. 2010); McQuillion v. Duncan, 306 F.3d 895, 902 (9th Cir. 2002); see also Swarthout v.
9   Cooke, 562 U.S. ___, ___, 131 S. Ct. 859, 861-62 (2011) (finding the Ninth Circuit's holding in
10  this regard to be a reasonable application of Supreme Court authority); Pearson v. Muntz, 639
11  F.3d 1185, 1191 (9th Cir. 2011) ("[Swarthout v.] Cooke did not disturb our precedent that
12  California law creates a liberty interest in parole.") In California, a prisoner is entitled to release
13  on parole unless there is "some evidence" of his or her current dangerousness. In re Lawrence,
14  44 Cal.4th 1181, 1205-06, 1210 (2008); In re Rosenkrantz, 29 Cal.4th 616, 651-53 (2002).

15  In Cooke, the Supreme Court reviewed two cases in which California prisoners
16  were denied parole - in one case by the Board, and in the other by the Governor after the Board
17  had granted parole. Cooke, 131 S. Ct. at 860-61. The Supreme Court noted that when state law
18  creates a liberty interest, the Due Process Clause of the Fourteenth Amendment requires fair
19  procedures, "and federal courts will review the application of those constitutionally required
20  procedures." Id. at 862. The Court concluded that in the parole context, however, "the
21  procedures required are minimal" and that the "Constitution does not require more" than "an
22  opportunity to be heard" and being "provided a statement of the reasons why parole was denied."
23  Id. (citing Greenholtz, 442 U.S. at 16). The Supreme Court therefore rejected Ninth Circuit
24  decisions that went beyond these minimal procedural requirements and "reviewed the state
25  courts' decisions on the merits and concluded that they had unreasonably determined the facts in
26  light of the evidence." Cooke, 131 S. Ct. at 862. In particular, the Supreme Court rejected the

3

application of the "some evidence" standard to parole decisions by the California courts as a component of the federal due process standard. Id. at 862-63. See also Pearson, 639 F.3d at 1191.[1]

In this case, petitioner seeks federal habeas relief on the grounds that Governor Brown's decision to reverse the Board's determination of his suitability for release and deny him parole, and the findings upon which the Governor's denial was based, were not supported by sufficient evidence in violation of the Due Process Clause of the Fourteenth Amendment. However, under the Supreme Court's decision in Cooke this court may not review whether California's "some evidence" standard was correctly applied in petitioner's case. 131 S. Ct. at 862-63; see also Miller v. Oregon Bd. of Parole and Post-Prison Supervision, 642 F.3d 711, 716 (9th Cir. 2011) ("The Supreme Court held in [Swarthout v.] Cooke that in the context of parole eligibility decisions the due process right is *procedural*, and entitles a prisoner to nothing more than a fair hearing and a statement of reasons for a parole board's decision[.]"); Roberts v. Hartley, 640 F.3d 1042, 1046 (9th Cir. 2011) (under the decision in Cooke, California's parole scheme creates no substantive due process rights and any procedural due process requirement is met as long as the state provides an inmate seeking parole with an opportunity to be heard and a statement of the reasons why parole was denied); Pearson, 639 F.3d at 1191 ("While the Court did not define the minimum process required by the Due Process Clause for denial parole under the California system, it made clear that the Clause's requirements were satisfied where the inmates 'were allowed to speak at their parole hearings and to contest the evidence against them, were afforded access to their records in advance, and were notified as to the reasons why parole

---

[1] In its per curiam opinion the Supreme Court did not acknowledge that for twenty-four years the Ninth Circuit had consistently held that in order to comport with due process a state parole board's decision to deny parole had to be supported by "some evidence," as defined in Superintendent v. Hill, 472 U.S. 445 (1985), that bore some indicia of reliability. See Jancsek v. Oregon Bd. of Parole, 833 F.2d 1389, 1390 (9th Cir. 1987); McQuillion v. Duncan, 306 F.3d 895, 904 (9th Cir. 2002) ("In Jancsek . . . we held that the process that is due in the parole rescission setting is the same as the Supreme Court outlined in Superintendent v. Hill . . . .")

4

was denied.'").

Therefore, the pending petition should be dismissed because it plainly appears from the face of the petition that the petitioner is not entitled to federal habeas relief with respect to his due process claims.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that petitioner's motion to proceed in forma pauperis (Doc. No. 2) is granted;

IT IS HEREBY RECOMMENDED that:

1. Petitioner's application for writ of habeas corpus (Doc. No. 1) be dismissed for failure to state a cognizable claim for federal habeas relief; and

2. This action is closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen after being served with these findings and recommendations, petitioner may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

In any objections he elects to file, petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case.  <u>See</u> Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

DATED: August 27, 2013.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
cart1262.156